IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**LESLIE JANE HAMMACK**                                                    **PLAINTIFF**

**V.**                                **CASE NO. 2:23-CV-02118**

**XAVIER BECERRA,**
**SECRETARY, U.S. DEPARTMENT**
**OF HEALTH & HUMAN SERVICES**                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss (Doc. 33) for lack of venue and for failure to state a claim. *Pro se* Plaintiff Leslie Jane Hammack filed a Response in Opposition to the Motion (Doc. 35). On February 27, 2024, the Court held an in-person hearing and heard oral argument. At the conclusion of the hearing, the Court **GRANTED** the Motion for lack of venue but declined to dismiss the case in favor of transferring it to an appropriate jurisdiction. The Court did not rule on Defendant's alternative request to dismiss for failure to state a claim.

In the discussion below, the Court explains in greater detail the basis for its decision. To the extent there are discrepancies between this Order and the Court's ruling from the bench, this Order controls.

**I. BACKGROUND**

This case arises out of two injuries that Ms. Hammack sustained while employed by Indian Health Services ("IHS"), a subset of the Department of Health and Human Services ("HHS"). Her initial injury occurred in June 2012, when she ruptured her left rotator cuff while working as a nurse at the Chinle Comprehensive Health Care Facility in Chinle, Arizona. According to Ms. Hammack, this injury significantly impacted the use of

her arm and required medical interventions. Her injury prompted the Office of Workers' Compensation Programs ("OWCP") to classify her on-the-job physical restrictions from "light duty" to "sedentary duty" in November 2014. Ms. Hammack maintains that the Department of Labor ("DOL") qualified her as disabled, but IHS failed to provide her with reasonable accommodations for the next three years. Ms. Hammack says she was required to obtain a master's degree to qualify for other positions, and she completed that degree in 2016 without financial assistance from IHS.

Ms. Hammack was injured for the second time at work in May 2017. According to Ms. Hammack, this injury left her unable to perform *any* duties and resulted in another qualification of disability from the DOL. Later that same month, she submitted a new request to IHS for reasonable accommodations. Ms. Hammack alleges that her supervisor refused to accommodate her and opined that Ms. Hammack was fit for duty. In 2018, IHS sent Ms. Hammack a letter of intent that she claims constituted disability harassment. Then, in February 2019, IHS terminated Ms. Hammack from her position as a nurse at the Chinle Facility.

Ms. Hammack filed two complaints with the Equal Employment Opportunity Commission ("EEOC"), the first in 2017 after her second injury, and the second in 2019 after she was terminated. Her EEOC appeals failed, and she received a "right to sue" letter in August 2023.[1] (Doc. 29, p. 8).

On October 4, 2023, Ms. Hammack filed her original complaint in this Court asserting a number of employment-based claims against multiple defendants. She

---

[1] The Court does not have a full copy of the right-to-sue letter and cannot verify the claims that were asserted in that proceeding.

amended her complaint on October 10 to add two more defendants. Then, on February 14, 2024, she filed her Second Amended Complaint, which is now the operative pleading. The Second Amended Complaint removed all defendants from the case except Xavier Becerra, HHS Secretary, and pared down her claims to: disability discrimination, disability harassment, and failure to accommodate, all in violation of the Americans with Disabilities Act ("ADA").

## II. LEGAL STANDARD

"All well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 2009 (2013) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2004)). However, when an objection to venue is properly raised, the plaintiff bears the burden of showing that venue is proper. *See Beckley v. Auto Profit Masters, LLC*, 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) (citing *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963), and 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3826 (2d ed. 1986)). Pursuant to 28 U.S.C. § 1404(a), the Court has the authority "to *sua sponte* transfer a civil action to any other district where it might have been brought for the convenience of parties and witnesses, in the interest of justice." *Clark v. Transamerica Life Ins. Co.*, 2010 WL 2771916, at *3 (E.D. Ark. June 18, 2010) (quoting *BlueCross BlueShield of Tenn., Inc. v. Griffin*, 2004 WL 1854165 (E.D. Tenn. Jan. 6, 2004)).

If a case is filed "laying venue in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a),

## III. DISCUSSION

The Second Amended Complaint provides no factual or legal basis for laying venue in the Western District of Arkansas. Ms. Hammack asserts that under 28 U.S.C. § 1391(e), a civil action against an officer of the United States or agency "may . . . be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action." However, that venue statute does not apply if the case concerns allegations of workplace disability discrimination and harassment against a federal employer.

Ms. Hammack is a former federal employee bringing suit against her federal employer. Though she pleads her claims under the ADA, they actually arise under the Rehabilitation Act.[2] This is because the federal government is not considered an "employer" under the ADA. See Sindram v. Fox, 374 F. App'x 302, 305 (3d Cir. 2010) ("The text of the [ADA] creates federal rights but does not include federal agencies or employees within its reach").

Claims under the Rehabilitation Act are governed by Title VII's special venue provision, found at 42 U.S.C. § 2000e-5(f)(3). See 42 U.S.C.A. § 12117(a) ("[The] powers, remedies, and procedures set forth in [42 U.S.C.A. § 2000e-5(f)(3) of the ADA] . . . shall be the powers remedies and procedures this subchapter provides to . . .

---

[2] "The language in the ADA generally tracks the language set forth in the [Rehabilitation Act]," so "[j]urisprudence interpreting either section is applicable to both." Delano–Pyle v. Victoria Cnty., Tex., 302 F.3d 567, 574 (5th Cir. 2002).

4

any person alleging discrimination on the basis of disability in violation of any provision of this chapter."). According to this special venue provision, claims may only be brought:

> [i] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed,
>
> [ii] in the judicial district in which the employment records relevant to such practice are maintained and administered, or
>
> [iii] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice,
>
> but if the respondent is not found within any such district, such an action may be brought [iv] within the judicial district in which the respondent has his principal office.

*Id.*

Under the first and third prongs above, venue is proper in the District of Arizona, where Ms. Hammack was employed. Under the second prong, venue is also proper in the judicial district in which the employment records relevant to such practice are maintained and administered, which Ms. Hammack believes is the District of Maryland, the location of IHS headquarters. The fourth prong is inapplicable here, as Secretary Becerra is "found," for purposes of the special venue statute, in the three locations described in the first three prongs. *See Herbert v. Sebelius*, 925 F. Supp. 2d 13, 18 (D.D.C. 2013) (finding the HHS Secretary was "found" in the Northern District of Georgia, where the plaintiff was employed). The Court concludes that Ms. Hammack has failed to meet her burden to prove that the Western District of Arkansas is a proper venue for her claims.

Pursuant to 28 U.S.C. § 1406(a), the Court may either dismiss a case for improper venue or transfer it to a proper one. Upon due consideration, the Court declines to dismiss Ms. Hammack's case and instead transfers it to the District of Arizona.

5

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 33) is **GRANTED IN PART** for lack of venue; however, the Court declines to dismiss the case and instead **DIRECTS** the Clerk of Court to immediately **TRANSFER** it to the District Court for the District of Arizona, Flagstaff Division. The Court **DECLINES TO RULE** on Defendant's alternative request for dismissal under Rule 12(b)(6).

**IT IS SO ORDERED** on this ___15th___ day of March, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6